UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON MICHAEL GAMINO,<br><br>Plaintiff,<br>v.<br>MICHAEL JEFFERY PEAR,<br><br>Defendant. | Case No. 3:23-cv-00206-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Brandon Michael Gamino submitted a complaint alleging violations of his due process rights by an attorney, Defendant Michael Jeffery Pear, appointed as judge at his traffic violation trial in Newport Beach, California. (ECF No. 1-1.) Gamino has also filed an application to proceed *in forma pauperis* ("IFP application"). (ECF No. 1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court dismiss this case without prejudice because venue is not proper in the District of Nevada, and that the Court further deny Plaintiff's IFP application as moot. (ECF No. 3.) Objections to the R&R were due by September 26, 2023. (*See id.*) To date, Gamino has not objected to the R&R. For the reasons explained below, the Court adopts the R&R in full and will dismiss this case without prejudice.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). Judge Denney recommends dismissal without prejudice because venue is not proper in the District of Nevada. (ECF No. 3 at 1-2.)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" or (3) a district in which any defendant is subject to the court's personal jurisdiction, if there is no other district in which the action may be brought as provided in (1) and (2). 28 U.S.C. § 1391(b)(1)-(3). Here, Defendant does not reside in Nevada, and no substantial part of the events giving rise to Plaintiff's claims occurred in Nevada. (ECF No. 1-1.) Because Defendant is a resident of California, and the alleged due process violations occurred in California, venue is proper in California. (*Id.*) After dismissal from this Court, Plaintiff may bring this action in a proper venue.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that the case is dismissed, in its entirety, without prejudice.

It is further ordered that Plaintiff's IFP Application (ECF No. 1) is denied as moot.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 6th Day of October 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE